**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ANGEL EDUARDO MENDOZA
JIMENEZ

       Petitioner,

v.

                                 Case No. 1:26-cv-01801-MIS-KRS

GEORGE DEDOS, in his official capacity as
Warden of Cibola County Correctional
Facility; TODD LYONS, in his official
capacity as Director of Immigration and
Customs Enforcement; MARKWAYNE
MULLIN, in his official capacity as
Secretary of the U.S. Department of
Homeland Security; TODD BLANCHE, in
his official capacity as Acting Attorney
General of the United States; and MARY DE
ANDA-YBARRA, in her official capacity as
Field Office Director of the El Paso Field
Office of Enforcement and Removal
Operations, U.S. Immigration and Customs
Enforcement;

       Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS MATTER** is before the Court on Petitioner Angel Eduardo Mendoza Jimenez's

Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed April 9, 2026. The Court issued

the applicable Order to Show Cause, ECF No. 8, on April 10, 2026.

Respondents Todd Lyons, Markwayne Mullin, Todd Blanche, and Mary De Anda-Ybarra

("Federal Respondents") filed a Response to the Petition, ECF No. 11, on April 20, 2026.

Counsel for the federal Respondents acknowledges the facts of this case are "substantially

similar" to Duhan v. Noem, No. 2:26-CV-00019-MIS-JFR, 2026 WL 74195 (D.N.M. Jan. 9, 2026),

and concede that "the Court's decision in <u>Duhan v. Noem</u>, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable…." Resp. at 2-3, ECF No. 8. Counsel did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). <u>Id.</u> at 2-3.

Ultimately, the Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in <u>Lopez-Romero v. Lyons</u>, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.  The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. <u>See</u> <u>generally</u> Resp., ECF No. 8. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1.      Petitioner Angel Eduardo Mendoza Jimenez's Petition for a Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.      Respondents are **ORDERED** to immediately release Petitioner from detention;

3.      Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a); and

4.      The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE